IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO: 4:11CR237 |
| | § | Judge Schell |
| DANISH SALEEM | § | |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S
### MOTION TO COMPEL

The government, by and through the undersigned attorney, files this response to Defendant's Motion to Compel which requests the government to provide a complete forensic image copy of all seized media, and in support thereof, would should this Honorable Court as follows:

### PROCEDURAL HISTORY

On December 15, 2011, Danish Saleem (Saleem) was charged in a one-count indictment with possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(1).  A writ of habeas of habeas corpus ad prosequendum was issued on December 20, 2011.

On January 6, 2012, Saleem appeared before Magistrate Judge Amos Mazzant for his initial appearance.  The detention hearing and arraignment were set for January 10, 2012.  On that day, Saleem appeared with his first attorney, G. Lee Finley.  The defendant was arraigned and pled not guilty to the charge.  He also waived his detention hearing and

remained in custody.  A scheduling order was issued and the case was set for a final

pretrial hearing on March 5, 2012.

On January 23, 2012, the defendant's second attorney, Franklyn Mickelsen

(Mickelsen), filed a motion to substitute as the attorney of record.  On January 26, 2012,

the motion to substitute was granted and Mickelsen became the attorney of record for

Saleem.

On March 5, 2012, the defendant, Mickselsen and the government appeared before

Judge Schell for a final pretrial conference.  The case was set for trial on April 23, 2012.

During the pretrial conference, Mickelsen represented to the Court that he would be

retaining an expert to conduct a forensic examination of the evidence in this case.

While preparing for trial, the government was informed that Lance Sloves (Sloves)

was retained as the computer forensic expert for Saleem.  Arrangements were made to

allow Sloves to review the evidence, which consists of an external hard drive that

contains images of child pornography.  Sloves was permitted to review the evidence at

the U.S. Attorney's Office in Plano, Texas.  He was given a conference room so he could

set up his equipment.  Sloves was told he could review the evidence at any time, the

government needed notice to ensure someone would be available in the office.  Sloves set

up his equipment and proceeded to conduct a review of the evidence.  His review took

two full days.  Sloves chose the time he would arrive at the U.S. Attorney's Office

(approximately 8:30 a.m.) and was permitted to stay as long as he needed to conduct his

review.  Both days, Sloves stayed at the office until approximately 6:30 p.m.  Sloves was given complete privacy in the conference room.  He kept his equipment in the conference room overnight as the conference room within the security of the U.S. Attorney's Office.  After Sloves completed his review of the evidence, he allowed the government to review his equipment to ensure that he did not have any images of child pornography in his possession.  At no point in time during this process was there any objection raised by Sloves, Mickelsen, or the defendant regarding reasonableness of the ability to review the contraband evidence in this case.

On April 18, 2012, the Wednesday before trial was set to begin, Thomas Cox (Cox) filed a motion to substitute as the attorney of record.  A motion to continue was also filed by Cox on that day.

On April 19, 2012, Judge Schell held a hearing regarding the motion to substitute and the motion for continuance.  The defendant, the government, Mickelsen (who appeared by phone), and Cox were present for the hearing.  During the hearing, Cox represented that he would not be the only attorney of record but would be serving as local counsel for another attorney who was expected to appear on behalf of the defendant.  After hearing arguments of all of the parties, Judge Schell granted the motion to substitute permitting Cox to appear as the third attorney of record.  The motion for continuance was also granted and the case was set for the final pretrial docket on June 4, 2012.

**GOVERNMENT'S RESPONSE TO DEFENDANT'S**
**MOTION TO COMPEL -- Page 3**

On April 23, 2012, an application to appear pro hac vice was filed by Dean Boland (Boland).  Shortly thereafter, Boland and the government had phone discussions regarding the case and discovery.  Boland requested a copy of the hard drive.  The government informed Boland that a copy of the hard drive would be available in the same manner that had been made available previously, for him to review and for any expert that was retained.  However, the government would not permit a copy of the hard drive to be sent to any defense expert to be reviewed at the defense expert's offices as a defense expert's office is not a government facility.  Boland made no other requests for an opportunity to review the evidence.

On May 29, 2012, a motion for continuance was filed by Boland, citing in part, the need for additional time was a result of the parties inability to reach a resolution about where the evidence would be reviewed.  The motion was granted and the case was reset to the July 2, 2012 final pretrial docket.

On June 21, 2012, Boland filed this motion to compel demanding that the government provide a complete forensic image copy of all seized media to be reviewed at the defense expert's offices.  On July 9, 2012, the government was informed that the defense expert is Steve Odenthal (Odenthal).

Other than Boland's initial request shortly after his appearance on the case in April, there have been no other requests made by Boland or his expert to review the hard

drive.  As the government has made the evidence reasonably available, as the statute requires, the defendant's motion to compel should be denied.

## ARGUMENT AND AUTHORITIES

The government contends that the plain language of § 3509(m) requires any evidence review to be conducted a government facility.  It is undisputed that a defense expert's office does not meet that statutory definition.  Moreover, the government has offered a secure, private space within a government facility (i.e., the U.S. Attorney's Office in Plano, Texas) for Odenthal to be able to review the evidence during any period he needs.  The only request from the government was reasonable notice as to when to expect Odenthal to ensure someone would be present at the government facility.   The defendant fails to explain how the arrangements to review same evidence which was made reasonably available to his first expert have now become unreasonable.

### I.    The Evidence is Child Pornography and Therefore Constitutes Illegal Contraband.

In the interest of protecting victims of child pornography from continued abuse, federal law mandates government retention of child pornography evidence during criminal proceedings.  Pursuant to § 3509(m), "any property or material that constitutes child pornography . . . *shall remain* in the care, custody, and control of either the Government or the court."  Child pornography is defined "any visual depiction, including any photograph, film, video, picture or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit

conduct."  18 U.S.C. § 2256(8).  Such depictions constituting child pornography evidence are therefore illegal contraband and are protected under the statute.

The government asserts that images contained on the hard drive contain images of child pornography.  As such, the hard drive must remain in the care and custody of the government.

The defendant's reliance on *Ashcroft v. Free Speech Coalition*, 535 U.S. 234 (2002) is misguided.  In that case, the Court struck down provisions expanding the definition of child pornography to include virtual images that were neither "obscene nor produced by the exploitation of real children."  *Id.* at 256.  The court reasoned that the materials in question "recorded no crimes and created no victims" and thus were not "intrinsically related" to the abuse of children. *Id.* at 252.

Unlike the depictions in question in *Aschroft* which were virtual and distinct from any resulting child abuse, the images on the hard drive depict children engaging in sexually explicit conduct.  The defendant has not asserted a "virtual child" defense in this case.  Curiously, neither Cox or Boland or Odenthal have made an effort to review the images charged in the indictment or the evidence on the hard drive so it is unclear how the defendant can claim the images on the hard drive do not constitute child pornography.

Historically, courts have not permitted defense attorneys or their experts unrestricted possession or unsupervised access to narcotics contraband.  *See United States v. Dukes*, 139 F.3d 469 (5th Cir. 1998)*; United States v. Butler*, 988 F.3d 537, 543 (5th Cir. 1993).  Child pornography is contraband and relinquishment to the defendant or his expert would defeat the

purpose of the statute.  "Child pornography constitutes prima facie contraband, and as such should not be distributed to, or copied by, child pornography defendants or their attorneys." Adam Walsh Act Child Protection and Safety Act of 2006, Pub. L. No. 109-248, Section 501 (July 27, 2006).  The evidence in question does constitute child pornography under the statue and is therefore illegal contraband which must remain in the care and custody of the government.

> **II.    The Government Has Made the Evidence Reasonably Available and Has Provided the Defendant Ample Opportunity to Examine the Materials.**

Notwithstanding the mandated restrictions on child pornography evidence and the underlying policy implications, the government must make such evidence *reasonably available* to the defendant.   Such material is deemed to be reasonably available if the government *"provides ample opportunity* . . . for examination *at a Government Facility."* 18 U.S.C. § 3509(m)(2)(B) (emphasis added).  The Fifth Circuit recent held "when the government makes child pornography material available for examination at a government facility, that *is* reasonable availability, and the only issue to be resolved pretrial relating to § 3509(m) discovery is whether the government inspection conditions imposed on a defendant's access at that facility do not 'provide[] ample opportunity' to inspect, view, or examine the material."  *United States v. Jarman*, No. 11-31217, slip op. at 3-4 (5th Cir. July 9, 2012).

The defendant has failed to show how the government has not made the evidence reasonably available for him to review.  The government has not imposed any time

restrictions upon the defendant's ability to review the evidence.  Contrary to the defendant's assertions, the government did inform the defendant that if evidence review needed to happen in the evening or on the weekends that arrangements could be made. The government has provided a secure and private location in which an expert can use to review the evidence.  And, as stated above, this same evidence has already been made available to the first expert under the same conditions without objection from the defendant.

The defendant relies on *United States v. Knellinger*, 471 F.Supp. 2d 640 (E.D. Va. 2007)  in an attempt to show that the government has deprived him of ample opportunity to examine the evidence.  In *Knellinger,* the court ordered the provision of copies of evidence to a defendant asserting the "virtual child" defense.  The court found that the "virtual child" issue  required a highly technical analysis that would be unduly expensive (costing $540,000) and could not feasibly be performed at a government facility.  *Id.* at 647.  Further, the extensive transportation of equipment to a government facility could pose reliability risks and compromise the integrity of the expert's analysis.  *Id.*

The case at hand, however, is readily distinguishable from *Knellinger*.  Unlike the defendant in *Knellinger*, the defendant is not relying on the "virtual child" defense.  He has also not presented evidence that performance of the evaluation at a government facility would be prohibitively expensive.  Further, unlike the experts in *Knellinger* who had already reviewed the evidence upon determining that it was not feasible for a

thorough analysis to be performed at a government facility, the defendant's new counsel and new expert have not yet attempted to analyze the evidence.

## CONCLUSION

Federal law mandates government retention of child pornography evidence during criminal proceedings provided that the evidence is made reasonably available at a government facility.  Here, the evidence in question does constitute child pornography and so the evidence shall be held in the care and custody of the government.  Further, the government has provided the defendant with a private space in which to examine the evidence and has afforded the defendant ample opportunity for review pursuant to 18 U.S.C. § 3509(m).   Accordingly, his motion should be denied.

Respectfully submitted,

JOHN M. BALES
United States Attorney


  /s/    *Mandy Griffith*
Mandy Griffith
Assistant United States Attorney
Texas Bar No. 24032251
101 East Park Boulevard, Suite 500
Plano, Texas 75074
(972) 509-1201
(972) 509-1213 (fax)
mandy.griffith@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that a copy of the Government's Response to the Defendant's Motion to Compel was served via electronic filing to Defense Counsel.

Dated: July 16, 2012

/s/   *Mandy Griffith*
Mandy Griffith