**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | §<br>§<br>§<br>§<br>§<br>§ | CASE NO. 4:11cr237.1 |
| v. | | |
| DANISH SALEEM | | |

**ORDER DENYING MOTION TO COMPEL**

The Court held a hearing on Defendant's Motion to Compel (Dkt. 32) on August 1, 2012.

In his motion, Defendant seeks an order compelling the Government to provide a complete forensic

image copy of all seized media to be reviewed at Defendant's expert's offices in preparation for trial.

Congress has addressed such requests in 18 U.S.C. § 3509(m):

**(m) Prohibition on reproduction of child pornography.**–

> **(1)** In any criminal proceeding, any property or material that constitutes child pornography (as defined by section 2256 of this title) shall remain in the care, custody, and control of either the Government or the court.

> **(2)(A)** *Notwithstanding Rule 16 of the Federal Rules of Criminal Procedure, a court shall deny, in any criminal proceeding, any request by the defendant to copy, photograph, duplicate, or otherwise reproduce any property or material that constitutes child pornography (as defined by section 2256 of this title), so long as the Government makes the property or material reasonably available to the defendant.*

> **(B)** For the purposes of subparagraph (A), property or material shall be deemed to be reasonably available to the defendant if the Government provides ample opportunity for inspection, viewing, and examination at a Government facility of

1

the property or material by the defendant, his or her attorney, and any individual
the defendant may seek to qualify to furnish expert testimony at trial.

18 U.S.C. § 3509(m) (emphasis added).  As recently noted by the Fifth Circuit, "[a]s stated explicitly by Congress, when the government makes child pornography material available for examination at a government facility, that *is* reasonable availability, and *the only issue to be resolved pretrial relating to § 3509(m) discovery is whether the government inspection conditions imposed on a defendant's access at that facility do not provide ample opportunity to inspect, view, or examine the material*." *U.S. v. Jarman*, __ F.3d. __, 2012 WL 2700403, 2 (5th Cir. 2012) (internal quotations omitted) (emphasis added).

In his motion, Defendant argues that the Government's proposed access is not unlimited and that his expert will need to access the materials outside of regular business hours because of other client obligations.  Defendant's expert offered testimony at the hearing that his review is extensive and far more burdensome and costly if performed at a Government facility rather than at his at-home lab.[1]

At the hearing, Defendant's counsel conceded that he had not actually sought to make arrangements to review the evidence here.  Therefore, there is no way for the Court to determine at this time whether the conditions imposed by the Government provide reasonable access to the materials at issue.

---

[1]Defendant also expresses concern that the Government has declined to insure any mobile lab equipment left by his expert overnight from water or other damage.  Such is not the obligation of the Government or taxpayers.  If Defendant or his expert wish to insure the equipment, they may.  The expert is also free to remove his equipment from the Government's premises as he sees fit.

As for the ability to review the data for issues raised during trial, the Government's obligation to provide Defendant and his expert reasonable access to the materials is a continual one and any disputes as to access to materials are not yet ripe.  Finally, the Court notes that, despite counsel's protests, any financial burden on the expert is not relevant to the Court's determination.

The only issue relevant for review here – as clearly stated in *Jarman* – is whether the Government has imposed conditions that do not provide the expert with sufficient opportunity to access the materials.  *Id.  See also U.S. v. McNealy*, 625 F.3d 858, 868 (5th Cir.  2010) ("McNealy had full access to the Government's exhibits and could have completed all the tasks he now enumerates.").  Since no conditions have been imposed here (because Defendant's latest counsel and expert have not sought any arrangements with the Government), Defendant's motion is, at best, premature.[2]  The motion to compel is DENIED.

**SO ORDERED.**
**SIGNED this 6th day of August, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE

---

[2]The Court notes that the Government previously made the materials available to another expert retained by Defendant's prior counsel, and no complaints were made as to the conditions imposed by the Government.