IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 4:11-CR-00237-TH-DDB |
| V. | |
| DANISH SALEEM | |

SENTENCING MEMORANDUM OF DANISH SALEEM

**I.      INTRODUCTION**

The government offered Mr. Saleem an agreement sentence of three years in return for his plea to the sole count of the indictment.  Mr. Saleem accepted the government's offer.

As the PSR correctly stated, the court is not bound by the three year agreed sentence in Mr. Saleem's plea agreement.  However, the court must inform Mr. Saleem before imposing sentence if it intends to depart from the agreed three year sentence and offer Mr. Saleem the opportunity to withdraw his plea per the terms of the plea agreement.

**II.     ADVISORY NATURE OF GUIDELINES AND SENTENCING FACTORS**

On January 12, 2005, the Supreme Court ruled that its Sixth Amendment holding in <u>Blakely v. Washington</u> (2004, 542 U.S. 296 and <u>Apprendi v. New Jersey</u> (2000), 530 U.S. 466, applies to the Federal Sentencing Guidelines.  <u>United States v. Booker</u> (2005), 543 U.S. 220; 125 S. Ct. 738).   Given the mandatory nature of the

Sentencing Guidelines, the Court found "no relevant distinction between the sentence imposed pursuant to the Washington statutes in Blakely and the sentences imposed pursuant to the Federal Sentencing Guidelines" in the cases before the Court. (Id. at 751). Accordingly, reaffirming its holding in Apprendi, the Court concluded that

> **[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.**

(Id. at 756).

Based on this conclusion, the court further found those provisions of the Federal Sentencing Reform Act of 1984 that makes the Guidelines mandatory, 18 U.S.C. §3553(b)(1) or which rely upon the Guideline's mandatory nature, 18 U.S.C. §3742(e), incompatible with its Sixth Amendment holding. (Booker, 125 S. Ct. 756). Accordingly, the Court severed and excised those provisions, "mak[ing] the Guidelines effectively advisory." (Id. at 757).

Instead of being bound by the Sentencing Guidelines, the Sentencing Reform Act, as revised by Booker:

> **Requires a sentencing court to consider Guideline ranges, see 18 U.S.C.A. §3553(a)(4) (Supp.2004), but it permits the court to tailor the sentence in light of other statutory concerns as well, see § 3553(a).**

2

(Booker, 125 S. Ct. at 757). Thus, under Booker, sentencing courts must treat the guidelines as just one of a number of sentencing factors set forth in 18 U.S.C. §3553(a).

The primary directive in § 3553(a) is for sentencing courts to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2." Section 3553(a)(2) states that such purposes are:

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In determining the minimally sufficient sentence, §3553(a) further directs sentencing courts to consider the following factors:

1) the nature and circumstances of the offense and the history and characteristics of the defendant (§3553(a)(1);
2) the kinds of sentences available (§3553(a)(3);
3) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct (§3553(a)(6); and
4) the need to provide restitution to any victims of the offense. (§3553(a)(7).

Other statutory sections also give the district court direction in sentencing. Under 18 U.S.C. §3582, imposition of a term of imprisonment is subject to the following limitation: in determining whether and to what extent imprisonment is appropriate based on the Section 3553(a) factors, the judge is required to

3

"recognize[s] that imprisonment is *not* an appropriate means of promoting correction and rehabilitation" (emphasis added).

Under 18 U.S.C. §3661, "*no limitation* shall be placed on the information concerning the background, character, and conduct of [the defendant] which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence" (emphasis added). This statutory language certainly overrides the (now-advisory) policy statements Part H of the sentencing guidelines, which list as "not ordinarily relevant" to sentencing a variety of factors such as the defendant's age, educational and vocational skills, mental and emotional conditions, drug or alcohol dependence, and lack of guidance as a youth. (See U.S.S.G. §5H1. See also United States v. Nellum (N.D. Ind. Feb. 3, 2005), 2005 WL 30003, 2005 U.S. Dist. LEXIS 1568 (Simon, J. (taking into account fact that defendant who was 57 at sentencing, would upon his release from prison have a very low likelihood of recidivism since recidivism reduces with age; citing Report of the U.S. Sentencing Commission, Measuring Recidivism: the Criminal History Computation of the Federal Sentencing Guidelines, May, 2004); United States v. Naylor (W.D.Va. Mar. 7, 2005), ___ F. Supp. 2d___, 2005 WL 525409, *2 (Jones, J.) (concluding that sentence below career offender guideline range was reasonable in part because of defendant's youth when he committed his predicate offenses – he was 17 – and noting that in Roper v. Simmons (2005), 125 S. Ct. 1183, 1194-96, the Supreme

Court found significant differences in moral responsibility for crime between adults and juveniles)).

The directives of Booker and §3553(a) make clear that courts may no longer uncritically apply the guidelines. Such an approach would be "inconsistent with the holdings of the merits majority in Booker, rejecting mandatory guideline sentences based on judicial fact-finding and the remedial majority in Booker, directing courts to consider all of the §3553(a) factors, many of which the guidelines either reject or ignore." (United States v. Ranum (E.D. Wisc. 2005), 353 F. Supp. 2d 984. See also United States v. Ameline (9th Cir. 2005), 400 F. 3d 646, 655-56 (advisory guideline range is "only one of many factors that a sentencing judgment must consider in determining an appropriate individualized sentence"), reh'g en banc granted, 401 F. 3d 1007 (9th Cir. 2005)).

Justice Scalia explains the point well in his dissent from Booker's remedial holding:

> **Thus, the logic compels the conclusion that the sentencing judge, after considering the recited factors (including the guidelines), has full discretion, as full as what he possessed before the Act was passed, to sentence anywhere within the statutory range. If the majority thought otherwise – if it thought the Guidelines not only had to be 'considered' (as the amputated statute requires) but had generally to be followed – its opinion would surely say so.**

(Booker, 125 S. Ct. at 791 (Scalia, J., dissenting in part)). Likewise, if the remedial majority thought the guidelines had to be given "heavy weight", its opinion would

5

have said so. The remedial majority clearly understood that giving any special weight to the guideline range relative to the other Section 3553(a) factors would violate the Sixth Amendment.

In sum, in every case, a sentencing court must now consider <u>all</u> of the §3553(a) factors, not just the guidelines, in determining a sentence that is sufficient but not greater than necessary to meet the goals of sentencing. And where the guidelines conflict with other sentencing factors set forth in §3553(a), these statutory sentencing factors should generally trump the guidelines. (See <u>United States v. Denardi</u> (3rd Cir. 1989), 892 F. 2d 269, 276-77 (Becker, J., concurring in part, dissenting in part) (arguing that since §3553(a) requires sentence be no greater than necessary to meet four purposes of sentencing, imposition of sentence greater than necessary to meet those purposes violates statute and is reversible even if within guideline range)).

## **The Kinds of Sentences Available**

In this case, the Court has a rare opportunity to fashion a sentence that does more than simply meet the purposes and principles and sentencing. Mr. Saleem has been in pre-trial detention since November of 2011. Therefore, he has already been incarcerated for two years before the date of the sentencing currently set for November 14, 2013. As such, and given the policies and practices of the Bureau of Prisons, Mr. Saleem is due to spend at most another year in prison to serve out the entire three year sentence reflected in the parties' plea agreement. Likely, he would

serve some percentage less than the full year and then be immediately transferred to Homeland Security for deportation. Therefore, he will be deported after serving the remaining year of his sentence all at the expense of U.S. taxpayers and for no other purpose than to effectively delay is deportation.

In this rare circumstance, this court has the opportunity to depart from the guidelines and plea agreement and impose a sentence that would result in the immediate transfer of Mr. Saleem to Homeland Security for deportation. This type of sentence would reflect the sensible conservation of taxpayer resources and simultaneously protect the public given that Mr. Saleem will never again be on U.S. soil a free resident.

## Conclusion

For the reasons discussed above, Mr. Saleem respectfully requests that the Court impose a sentence consistent with the plea agreement that also reflects a conservation of taxpayer resources and protects the public by clearing the way for his immediate deportation.

Respectfully Submitted,

/s/Dean Boland
Dean Boland 0065693
1475 Warren Road
Unit 770724
Lakewood, OH 44107
dean@bolandlegal.com
216.236.8080 phone
866.445.1267 fax

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 9, 2013, a copy of the foregoing was served by operation of the court's electronic case filing system.

/s/Dean Boland
Dean Boland 0065693